UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MAURICE TREAKLE,

    Plaintiff,

v.

WARDEN, ATLANTIC COUNTY JUSTICE FACILITY,

    Defendant.

Civ. No. 17-3812 (RBK) (AMD)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J**

### I.    INTRODUCTION

Plaintiff, Maurice Treakle, is currently confined at the Atlantic County Justice Facility in Mays Landing, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II.    FACTUAL BACKGROUND

The allegations of this complaint will be construed as true for purposes of this screening opinion. Plaintiff seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against Geraldine Cohen, the Warden at the Atlantic County Justice Facility ("ACJF") for allegedly unconstitutional conditions of confinement.

Plaintiff alleges he has endured unconstitutional conditions of confinement in ACJF since December 10, 2016. (Dkt. No. 1 at p. 11). Specifically, Plaintiff states "[t]he conditions in which I'm living in are deplorable (Black Mold in C-Left's showers), the food they are feeding me i[s]

1

not worthy of consumption and the ventilation system is no good." (*See id.*). Plaintiff claims that he has notified unidentified correctional officers and sergeants numerous times of "this matter" but nothing has been remedied. (*See id.* at p. 10). Plaintiff seeks relief in the form of monetary compensation for "pain and suffering." (*See id.* at p. 11).

### III.     STANDARD FOR *SUA SPONTE* DISMISSAL

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F.App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 F.App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A]

pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"[A] court must accept as true all of the allegations contained in a complaint." *Id.* Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *See id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Courts must liberally construe pleadings that are filed *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (internal citations omitted).

## IV. DISCUSSION

As an initial matter, it is unclear from the Complaint whether Plaintiff was a convicted prisoner or a pretrial detainee at the time he filed this action. Therefore, it is unclear whether Plaintiff's conditions of confinement claims should be analyzed under the Eighth or Fourteenth Amendment. *See Daniels v. Taylor*, No. 13-5510, 2014 WL 3955372, at *4 (D.N.J. Aug. 13, 2014) ("Plaintiff's condition of confinement claim is analyzed under the Eighth Amendment if he is a

3

convicted prisoner, but under the Fourteenth Amendment if he is a pretrial detainee."); *see also Mestre v. Wagner*, 488 F.App'x 648, 649 (3d Cir. 2012) (noting distinction of analysis when plaintiff is a convicted prisoner as opposed to a pretrial detainee).

The Eighth Amendment to the United States Constitution prohibits the government from inflicting "cruel and unusual punishments" on those convicted of crimes. *See Rhodes v. Chapman*, 452 U.S. 337, 345 (1981). Conditions of prison confinement violate the Eighth Amendment only if they "deprive inmates of the minimal civilized measure of life's necessities." *Id.* at 347. To state a claim for violation of the Eighth Amendment, a plaintiff must allege both an objective and subjective element. *See Ingalls v. Florio*, 968 F. Supp. 193, 198 (D.N.J. 1997). The plaintiff must first demonstrate the serious deprivation of a basic human need. *See Wilson v. Seiter*, 501 U.S. 294, 308 (1991); *Young v. Quinlan*, 960 F.2d 351, 365 (3d Cir.1992). "[T]he deprivation caused by the prison official's act or omission [must be] sufficiently serious to result in the denial of the minimal civilized measure of life's necessities." *Ingalls*, 968 F. Supp. at 198 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson*, 501 U.S. at 304 (1991); *Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996)).

The plaintiff must also show that the official "acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety." *Ingalls*, 968 F. Supp. at 198 (citing *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 305; *Nami*, 82 F.3d at 67). The duration of the alleged violation is a particularly important factor to be considered in conducting this examination. Indifference may be established by the response to a prisoner's needs or by intentional deprivation of a need. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Use of 'deliberate,' . . . arguably requires nothing more than an act (or omission) of indifference to a serious risk that is voluntary, not accidental." *Farmer*, 511 U.S. at 840. "And even if 'deliberate' is better read as implying knowledge of a risk, the concept of constructive knowledge is familiar

4

enough that the term 'deliberate indifference' would not, of its own force, preclude a scheme that conclusively presumed awareness from a risk's obviousness." *Id.* at 841.

Under the Fourteenth Amendment, pretrial detainees may be subjected to restrictions and conditions of a detention facility "so long as those conditions and restrictions do not amount to punishment." *Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979). To determine whether conditions of confinement amount to "punishment," courts "ask, first, whether any legitimate purposes are served by these conditions, and second, whether these conditions are rationally related to these purposes." *Hubbard v. Taylor*, 538 F.3d 229, 232 (3d Cir. 2008) (citing *Union Cnty. Jail Inmates v. Di Buono*, 713 F.2d 984, 992 (3d Cir. 1983)). As for the second prong (whether the conditions are rationally related to their purpose), the court must consider a further inquiry: whether the conditions caused the plaintiff to "endure such genuine privations and hardship over an extended period of time," that they became "excessive in relation to the purposes assigned to them." *Id.* at 233 (citing *Union Cnty.*, 713 F.2d at 992).

**A. Moldy Showers Claim**

Plaintiff first alleges that there is "black mold in C-Left's showers." Plaintiff's statement regarding mold in certain ACJF showers, however, is insufficient to support a conditions of confinement claim under either the Eighth or Fourteenth Amendment. Constitutionally acceptable prison conditions generally require that an inmate not be "expose[d] to [contaminants] that pose an unreasonable risk of serious damage to future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993).

Here, without more, Plaintiff's general allegation that there is black mold in the "C-Left's showers" fails to implicate a constitutional violation. Plaintiff offers no facts alleging any risk, let alone a substantial risk of serious harm, as a result of the mold. For example, Plaintiff does not allege that the mold is toxic, the quantity of the mold, the duration of the mold's existence, how

5

frequently he is exposed to the mold, whether there are other uncontaminated showers that Plaintiff can use, whether Plaintiff has ever specifically and expressly complained about the mold, and whether Plaintiff sustained any injury from the mold. Without additional facts such as these, this Court cannot reasonably infer that the black mold in certain ACJF showers created a substantial risk of serious harm. *See, e.g. Williams v. Meisel,* No. 13-492, 2014 WL 4744561, at *4 (E.D. Pa. Sept. 24, 2014) (finding that mold in showers did not amount to a Fourteenth Amendment violation because the mold did not expose inmates to an unreasonable risk of serious damage to future health); *Forde v. Fischer*, No. 08-5026, 2009 WL 5174650, at *4 (D.N.J. Dec. 16, 2009) (concluding that the plaintiff's "allegation of mold on three of his cell walls [] fails to implicate the Eighth Amendment"); *Peterkin v. Jeffes*, 661 F. Supp. 895, 915 (E.D. Pa. 1987) (finding that mold and lime deposits in showers were unpleasant but, given that they posed no real health hazard, did not violate the Eighth Amendment), *rev'd on other grounds,* 855 F.2d 1021 (3d Cir. 1988).

**B. Food Claim**

Plaintiff also claims that the food ACJF is feeding him is "not worthy of consumption." "The Constitution requires 'that prisoners be served nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it and under certain circumstances a substantial deprivation of food may well be recognized as being of constitutional dimension.'" *Mora v. Camden Cnty.*, No. 09-4183, 2010 WL 2560680, at *22 (D.N.J. June 21, 2010) (quoting *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (internal citation omitted)).

"An inmate's diet must provide adequate nutrition, but corrections officials may not be held liable unless the inmate shows both an objective component (that the deprivation was sufficiently serious) and a subjective component (that the officials acted with a sufficiently culpable state of mind)." *Duran v. Merline*, 923 F. Supp. 2d 702, 719-20 (D.N.J. 2013).

6

"Objectively, '[w]hether the deprivation of food falls below this [constitutional] threshold depends on the amount and duration of the deprivation.'" *Id.* at 720 (quoting *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)) (alterations in original). "[I]solated instances of contaminated or spoiled food, while certainly unpleasant, are not unconstitutional." *Id.* "A single or occasional incident involving spoiled food is insufficient to show that Plaintiff has been denied life's necessities." *Nickles v. Taylor*, No. 09-557, 2010 WL 1949447, at *5 (D.N.J. May 14, 2010).

Here, Plaintiff has not alleged sufficient facts with respect to the food served at ACJF to suggest a constitutional violation under either the Eighth or Fourteenth Amendment. Plaintiff's vague statement that the food at ACJF is "not worthy of consumption" does not provide a reasonably sufficient basis for this Court to infer the type, duration, or severity of the substandard food. For example, the complaint is silent as to: how frequently the alleged inadequate food was served, a description of the manner in which the food offered to Plaintiff was in fact "not worthy of consumption," what other meal options were offered, the reason for the inadequate nature of the food, whether Plaintiff sustained any injury from the food, and for how long during the dates of confinement Plaintiff was arguably compelled to eat substandard food. Without additional facts such as these, this Court cannot reasonably infer that the ACJF food was sufficiently serious. This claim therefore should be dismissed without prejudice, and Plaintiff may move to amend this claim in an amended complaint. Fed. R. Civ. P. 15.

**C. Ventilation System Claim**

Lastly, Plaintiff claims that the "ventilation system is no good." The Eighth and Fourteenth Amendments afford a constitutional right to adequate ventilation. *See Board v. Farnham*, 349 F.3d 469, 485-86 (7th Cir. 2005); *see also Wilson v. Cook Cnty. Bd. of Comm'rs*, 878 F. Supp. 1163, 1169 (N.D. Ill. 1995) (noting that "if inadequate ventilation can amount to cruel and unusual punishment under the Eighth Amendment, it would also amount to prohibited punishment under

the Fourteenth Amendment."). "Inadequate ventilation and air flow violates the Eighth Amendment if it undermines the health of inmates and the sanitation of the penitentiary." *Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996) (internal citations omitted).

Here, Plaintiff's generalized allegation that the ventilation system is inadequate does not provide any facts whatsoever for the Court to infer that ACJF's ventilation conditions are sufficiently serious. For example, Plaintiff has offered no facts to demonstrate any problems associated with the ventilation system, such as: dates when Plaintiff experienced inadequate ventilation; whether the alleged ventilation caused conditions that were too hot or too cold; whether the inadequate ventilation caused fumes or odors to saturate his cell; the temperature range inside Plaintiff's cell in the pertinent time period; outside air temperatures and humidity levels experienced in ACJF's geographic location during the pertinent time period; whether Plaintiff suffered ventilation-related health complications; and whether, and when, Plaintiff made grievances to ACJF staff specifically and expressly regarding the ventilation system. While the ventilation at AJCF may have been unpleasant, Plaintiff has not offered any facts from which it can be inferred that it was unconstitutional.

**D. The Warden's Personal Involvement**

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 n.3 (1981)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted). A Plaintiff must portray "specific conduct by state officials which violates some constitutional right." *Gittlemacker v. Prasse*, 428 F.2d 1, 3 (3d Cir. 1970). "[I]t is not enough for

a plaintiff to argue that the constitutionally cognizable injury would not have occurred if the superior had done more than he or she did." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989).

Notwithstanding the Court's conclusion above that Plaintiff's allegations are insufficient to state a claim of unconstitutional conditions of confinement, Plaintiff has also failed to allege sufficient facts demonstrating Cohen's personal involvement in the alleged wrongs to establish a § 1983 claim. Plaintiff has not alleged any facts suggesting that Cohen personally directed or had actual knowledge of the alleged violations to Plaintiff's health and safety stemming from the black mold, prison food, and/or ventilation system conditions. Plaintiff therefore has failed to state a viable § 1983 claim against Cohen.

V. **CONCLUSION**

For the reasons set forth above, Plaintiff's conditions of confinement claim will be dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1), for failure to state a claim. However, because Plaintiff may be able to supplement his pleading with facts sufficient to state a claim, the Court will grant Plaintiff leave to move to amend his complaint within 30 days of this Opinion and Order. Any motion to amend the complaint must include a proposed amended complaint that shall be subject to screening. An appropriate order follows.


Dated: December 27, 2017

                                                **s/Robert B. Kugler**
                                                ROBERT B. KUGLER
                                                United States District Judge